**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EHOF LAKESIDE II, LLC, a Delaware limited liability corporation, | No. 19-56451 |
| Plaintiff-Appellant, | D.C. No. 5:19-cv-01693-JGB-SHK |
| v. | |
| RIVERSIDE COUNTY TRANSPORTATION COMMISSION; COUNTY OF RIVERSIDE; WESTERN RIVERSIDE COUNTY REGIONAL CONSERVATION AUTHORITY, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted October 8, 2020
Seattle, Washington

Before: GRABER and W. FLETCHER, Circuit Judges, and KOBAYASHI,**
District Judge.

---

       *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

       **     The Honorable Leslie E. Kobayashi, United States District Judge for the District of Hawaii, sitting by designation.

EHOF Lakeside II, LLC ("EHOF") appeals from the district court's grant of a *Pullman* abstention pending the resolution of EHOF's earlier-filed state lawsuit. *See R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496 (1941). *Pullman* abstention orders are immediately appealable under 28 U.S.C. §§ 1291, 1292(a)(1), and we affirm. *See Porter v. Jones*, 319 F.3d 483, 489 (9th Cir. 2003).

EHOF claims that Riverside County Transportation Commission, Western Riverside County Regional Conservation Authority ("RCA"), and the County of Riverside (collectively, "Defendants") have taken its land without compensation in violation of the Fifth Amendment. EHOF asserts that Defendants used the county's Multiple Species Habitat Conservation Plan ("MSHCP") to delay its project's building entitlements in order to coerce EHOF into selling its property to RCA for conservation. Now that EHOF has requested to sell to RCA, it alleges that RCA is delaying an offer because it lacks the funds to purchase the land. After first bringing an inverse condemnation and other claims in state court, EHOF filed this claim under 42 U.S.C. § 1983 in federal district court.

We agree with the district court that all three requirements for a *Pullman* abstention are satisfied here. *See C-Y Dev. Co. v. City of Redlands*, 703 F.2d 375, 377 (9th Cir. 1983). First, this dispute involves land use, a sensitive area of state law. *Id.*; *Pearl Inv. Co. v. City and Cnty. of San Francisco*, 774 F.2d 1460, 1463

(9th Cir. 1985).  Second, resolution of the disputed state-law question—whether the MSHCP requires payment in the current situation—could moot or significantly alter the federal takings claim.  *See Kollsman v. City of Los Angeles*, 737 F.2d 830, 833 (9th Cir. 1984).  Third, the state-law question has not been resolved by California courts and is undecided for purposes of *Pullman*.  *See Pearl*, 774 F.2d at 1465.

EHOF chose to file its state-court inverse condemnation suit shortly before the U.S. Supreme Court decided *Knick v. Township of Scott*, 139 S. Ct. 2162 (2019).  In this circumstance, we need not decide the precise scope of *Pullman* in the post-*Knick* world.

**AFFIRMED.**